**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERALD GREEN, | |
| *Plaintiff,* | Case No. 1:20-cv-04655 |
| v. | Hon. Edgardo Ramos |
| CAPITAL ONE, N.A., | |
| *Defendant and Third-Party Plaintiff.* | |
| v. | |
| SQUARE, INC., | |
| *Third-Party Defendant.* | |

## ANSWER TO FIRST AMENDED COMPLAINT
## AND THIRD-PARTY COMPLAINT

Capital One, N.A. ("Capital One"), by counsel, submits the following Answer to the First Amended Complaint:

### <u>Preliminary Statement</u>

1.      The allegations in paragraph 1 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

2.      Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 2 of the First Amended Complaint, and therefore denies the same.

3.      The allegations in paragraph 3 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

4.     Capital One denies the allegations in paragraph 4 of the First Amended Complaint.

5.     The allegations in paragraph 5 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

## Jurisdiction and Venue

6.     The allegations in paragraph 6 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

7.     The allegations in paragraph 7 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

8.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 8 of the First Amended Complaint, and therefore denies the same.

## Parties

9.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 9 of the First Amended Complaint, and therefore denies the same.

10.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 10 of the First Amended Complaint, and therefore denies the same.

11.     The allegations in paragraph 11 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

12.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 12 of the First Amended Complaint, and therefore denies the same.

13.     The allegations in paragraph 13 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

14.     The allegations in paragraph 14 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

15.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 15 of the First Amended Complaint, and therefore denies the same.

<u>**Facts**</u>

16.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 16 of the First Amended Complaint, and therefore denies the same.

17.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 17 of the First Amended Complaint, and therefore denies the same.

18.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 18 of the First Amended Complaint, and therefore denies the same.

19.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 19 of the First Amended Complaint, and therefore denies the same.

20.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 20 of the First Amended Complaint, and therefore denies the same.

21.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 21 of the First Amended Complaint, and therefore denies the same.

22.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 22 of the First Amended Complaint, and therefore denies the same.

23.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 23 of the First Amended Complaint, and therefore denies the same.

24.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 24 of the First Amended Complaint, and therefore denies the same.

25.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 25 of the First Amended Complaint, and therefore denies the same.

26.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 26 of the First Amended Complaint, and therefore denies the same.

27.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 27 of the First Amended Complaint, and therefore denies the same.

28.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 28 of the First Amended Complaint, and therefore denies the same.

29.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 29 of the First Amended Complaint, and therefore denies the same.

30.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 30 of the First Amended Complaint, and therefore denies the same.

31.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 31 of the First Amended Complaint, and therefore denies the same.

32.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 32 of the First Amended Complaint, and therefore denies the same.

33.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 33 of the First Amended Complaint, and therefore denies the same.

34.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 34 of the First Amended Complaint, and therefore denies the same.

35.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 35 of the First Amended Complaint, and therefore denies the same.

36.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 36 of the First Amended Complaint, and therefore denies the same.

37.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 37 of the First Amended Complaint, and therefore denies the same. To the extent the allegations in paragraph 37 refer to documents, those documents speak for themselves.

38.     Capital One denies the allegations in paragraph 38 of the First Amended Complaint.

39.     Capital One denies the allegations in paragraph 39 of the First Amended Complaint.

40.     Capital One denies the allegations in paragraph 40 of the First Amended Complaint.

41.     Capital One denies the allegations in paragraph 41 of the First Amended Complaint.

42. The allegations in paragraph 42 of the First Amended Complaint contain statements and conclusions of law or which refer to documents which speak for themselves, and to which no response is required. To the extent the allegations are contrary to law, they are denied.

43. Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 43 of the First Amended Complaint, and therefore denies the same.

44. Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 44 of the First Amended Complaint, and therefore denies the same.

45. Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 45 of the First Amended Complaint, and therefore denies the same.

46. Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 46 of the First Amended Complaint, and therefore denies the same.

47. Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in paragraph 47 of the First Amended Complaint, and therefore denies the same. To the extent the allegations in paragraph 47 refer to documents, those documents speak for themselves.

**FIRST CLAIM FOR RELIEF**
**(Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.*)**
**(As to Capital One, N.A.)**

48. Capital One incorporates its answers to all previous paragraphs as though repeated herein.

49. The allegations in paragraph 49 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

50. The allegations in paragraph 50 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

51. The allegations in paragraph 51 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

52. The allegations in paragraph 52 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

53. Capital One denies the allegations in paragraph 53 of the First Amended Complaint.

54. Capital One denies the allegations in paragraph 54 of the First Amended Complaint.

55. The allegations in paragraph 55 of the First Amended Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

56. Capital One denies the allegations in paragraph 56 of the First Amended Complaint.

57. Capital One denies the allegations in paragraph 57 of the First Amended Complaint.

58. Capital One denies the allegations in paragraph 58 of the First Amended Complaint.

59. Capital One denies the allegations in paragraph 59 of the First Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**(Deceptive Acts and Practices Unlawful, NYGBL § 349, *et seq.*)**
**(As to Capital One, N.A.)**

60.     Capital One incorporates its answers to all previous paragraphs as though repeated herein.

61.     The Court dismissed the Second Claim for Relief with prejudice [see ECF No. 46], accordingly no response is required to Paragraph 61.

62.     The Court dismissed the Second Claim for Relief with prejudice [see ECF No. 46], accordingly no response is required to Paragraph 62.

63.     The Court dismissed the Second Claim for Relief with prejudice [see ECF No. 46], accordingly no response is required to Paragraph 63.

64.     The Court dismissed the Second Claim for Relief with prejudice [see ECF No. 46], accordingly no response is required to Paragraph 64.

65.     The Court dismissed the Second Claim for Relief with prejudice [see ECF No. 46], accordingly no response is required to Paragraph 65.

66.     The Court dismissed the Second Claim for Relief with prejudice [see ECF No. 46], accordingly no response is required to Paragraph 66.

67.     The Court dismissed the Second Claim for Relief with prejudice [see ECF No. 46], accordingly no response is required to Paragraph 67.

68.     The Court dismissed the Second Claim for Relief with prejudice [see ECF No. 46], accordingly no response is required to Paragraph 68.

## THIRD CLAIM FOR RELIEF
### (Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.*)
### (As to Square, Inc.)

69.     Capital One incorporates its answers to all previous paragraphs as though repeated herein.

70.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 70. To the extent any response is required, Capital One denies the allegations in Paragraph 70.

71.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 71. To the extent any response is required, Capital One denies the allegations in Paragraph 71.

72.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 72. To the extent any response is required, Capital One denies the allegations in Paragraph 72.

73.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 73. To the extent any response is required, Capital One denies the allegations in Paragraph 73.

74.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 74. To the extent any response is required, Capital One denies the allegations in Paragraph 74.

75.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 75. To the extent any response is required, Capital One denies the allegations in Paragraph 75.

76.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 76. To the extent any response is required, Capital One denies the allegations in Paragraph 76.

77.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 77. To the extent any response is required, Capital One denies the allegations in Paragraph 77.

78.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 78. To the extent any response is required, Capital One denies the allegations in Paragraph 78.

79.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 79. To the extent any response is required, Capital One denies the allegations in Paragraph 79.

80.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 80. To the extent any response is required, Capital One denies the allegations in Paragraph 80.

81.     The allegations in the Third Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 81. To the extent any response is required, Capital One denies the allegations in Paragraph 81.

## FOURTH CLAIM FOR RELIEF
**(Deceptive Acts and Practices Unlawful, NYGBL § 349, *et seq.*)**
**(As to Square, Inc.)**

82.     Capital One incorporates its answers to all previous paragraphs as though repeated herein.

83.     The allegations in the Fourth Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 83. To the extent any response is required, Capital One denies the allegations in Paragraph 83.

84. The allegations in the Fourth Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 84. To the extent any response is required, Capital One denies the allegations in Paragraph 84.

85. The allegations in the Fourth Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 85. To the extent any response is required, Capital One denies the allegations in Paragraph 85.

86. The allegations in the Fourth Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 86. To the extent any response is required, Capital One denies the allegations in Paragraph 86.

87. The allegations in the Fourth Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 87. To the extent any response is required, Capital One denies the allegations in Paragraph 87.

88. The allegations in the Fourth Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 88. To the extent any response is required, Capital One denies the allegations in Paragraph 88.

89. The allegations in the Fourth Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 89. To the extent any response is required, Capital One denies the allegations in Paragraph 89.

90. The allegations in the Fourth Claim for Relief are not directed at Capital One, accordingly no response is required to Paragraph 90. To the extent any response is required, Capital One denies the allegations in Paragraph 90.

## **AFFIRMATIVE DEFENSES**

Capital One sets forth the following affirmative defenses and other defenses to the First Amended Complaint

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims fail to the extent that, at all times with respect to Plaintiff, Capital One acted in good faith and complied fully with all applicable laws including but not limited to Federal and State Law.

3. Plaintiff's claims fail to the extent that the transfers at issue were not unauthorized transfers but were transfers made by a party Plaintiff authorized to execute electronic transfers on Plaintiff's Capital One account.

4. Plaintiff's claims fail to the extent that Plaintiff did not rescind Square's authority to execute electronic transfers through Cash App on Plaintiff's Capital One account.

5. Plaintiff's claims fail to the extent that Plaintiff's purported damages were the result of acts or omissions of third parties over whom Capital One had neither control nor responsibility.

6. Plaintiff lacks standing to assert the claims in the First Amended Complaint.

7. Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

8. To the extent that Plaintiff is injured, Plaintiff's claims are barred or reduced by his failure to mitigate damages.

9. Plaintiff failed to name necessary and/or indispensable parties.

10. Plaintiff's claims are barred by virtue of the doctrine of unclean hands.

11. Plaintiff's claims are barred by virtue of the doctrine of estoppel.

12. Plaintiff's claims are barred by virtue of waiver.

13.     Plaintiff's claims are barred by virtue of the doctrine of laches.

14.     Plaintiff's claims are barred because granting the relief sought in the First Amended Complaint would unjustly enrich Plaintiff.

15.     Plaintiff's claims are barred in whole or in part by the doctrines of set-off and recoupment.

16.     If and to the extent Plaintiff has suffered the damages alleged in the First Amended Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to the claimed damages.

17.     Plaintiff's claims are barred in whole or in part to the extent Plaintiff received the full amount of damages to which Plaintiff is entitled under the law.

18.     Plaintiff's claims to damages against Capital One are barred because Plaintiff seeks the recover redundant and duplicative relief already received by Plaintiff from other parties and third parties.

19.     Capital One reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE Defendant Capital One, N.A. respectfully requests that the Court dismiss \ Plaintiff's First Amended Complaint in its entirety and with prejudice, that judgment be granted in favor of Capital One, that the relief requested by Plaintiff be denied, that all costs be taxed against Plaintiff, and for such other and further relief as the Court deems just and proper.

## **THIRD-PARTY CLAIMS AGAINST SQUARE, INC.**

Defendant and Third-Party Plaintiff, Capital One, N.A. ("Capital One"), by counsel, states as follows for its Third-Party Claims against Square, Inc. ("Square"):

### **Parties**

1.      Capital One is a Delaware corporation with its principal place of business located in McLean, Virginia.

2.      Upon Information and belief, Square is a Delaware corporation registered to do business in the State of New York with its principal place of operations located in San Francisco, California.

3.      Although Capital One denies any liability to Plaintiff, this Third-Party Complaint against Square is pled in the alternative to Capital One's Answer to the First Amended Complaint. Capital One pleads the Third-Party Complaint against Square in the event that the Court grants Plaintiff the relief Plaintiff seeks in the First Amended Complaint.

**Factual Allegations**

4.      Square is a global financial services and digital payments business.

5.      Square was co-founded in 2009 by Jack Dorsey ("Dorsey").

6.      Dorsey is the CEO and Chairman of Square.

7.      Dorsey also co-founded Twitter in or around 2006.

8.      In 2020, Square had reported revenues of approximately $9.87 billion.

9.      Outside of the United States, Square has offices in Canada, Japan, Australia, Ireland, the United Kingdom, Spain, Lithuania, and Norway.

10.     In or around 2013, Square launched its product, Cash App (formerly known as Square Cash).

11.     Cash App is a mobile payment service that allows for person-to-person money transfer via Cash App's mobile device application which is available on both Android and iOS operating systems.

12.     Square describes Cash App as "an easy way for people to store, send, receive, spend, and invest money."

13.     Cash App reported 36 million customers as of December 2020.

14.     Cash App grossed $385 million in revenue in 2020.

15.     Cash App's competitor products on the market include Zelle, Paypal, and Venmo.

16.     To use Cash App, customers download the application onto their mobile device such as smartphone or tablet.

17.     Once Cash App is downloaded, the customer creates an account and chooses a unique username (known as a "$Cashtag") for the account and then links either their customer's telephone number and/or email address to the Cash App account.

18.     In order to use most of Cash App's features, such as the ability to send and receive money through Cash App, the customer must link his/her bank account (i.e. Bank of America, Wells Fargo, Chase, Capital One, etc.) to his/her Cash App account.

19.     Specifically, in order to link the customer's bank account with the customer's Cash App account, the customer is prompted by Cash App to identify his/her banking institution and then to enter his/her online login credentials for the customer's online bank account.

20.     Cash App instructs the customer, "Link your bank with username and password. Cash App uses Plaid to link your bank account. Plaid will have access to your login details and information in your [bank] account and will share your [bank] account information with Cash App to transfer money between your bank account and Cash App."

21.     Alternatively, a customer can link his/her Cash App account with his/her bank account by providing Cash App with his/her bank account's associated debit card number.

22.     With a Cash App account, Cash App customers can send and receive money to other Cash App customers.

23.     To send money, the Cash App customer opens Cash App, enters the amount to send, taps "Pay," and then enters an email address, phone number, or $Cashtag for the recipient, then taps "Pay" again to complete the transfer.

24.     In order to prevent fraud, Square cautions its Cash App customers in its instructions:

> Do not provide anyone with personal information like your Cash App PIN or sign-in code. Cash Support will never ask you to provide your sign-in code, PIN, or other sensitive information like your bank account information. Cash Support will never require you to send a payment, make a purchase, download any application for "remote access," or complete a "test" transaction of any kind.

25.     Cash App's customers are cautioned by Square to "Beware of scams and phishing attempts" and that:

> Cash App Support will never ask you to provide your sign-in code, PIN, Social Security Number (SSN), and will never require you to send a payment, make a purchase, download any application for "remote access," or complete a "test" transaction of any kind.

26.     For customer support, Square instructs its Cash App customers, "The best way to contact Cash App Support is through your app. Tap the profile icon on your Cash App home screen, select Support, and navigate to the issue."

27.     Square also provides in its Cash App instructions, "If you are unable to get help through Cash App or cash.app/help, you can reach us by calling 1 (800) 969-1940."

28.     On information and belief, on or before June 19, 2019, Plaintiff downloaded the Cash App application onto Plaintiff's smart phone.

29.    On information and belief, on or before June 19, 2019, Plaintiff became a customer of Square and Cash App by opening a Cash App account.

30.    Plaintiff is a customer of Capital One and maintains a checking account at Capital One.

31.    On information and belief, following Plaintiff's opening of a Cash App account, Plaintiff provided Square and Cash App with Plaintiff's credentials to log into and access Plaintiff's online Capital One checking account.

32.    On information and belief, following Plaintiff's opening of a Cash App account, Plaintiff provided Cash App with Plaintiff's Capital One debit card account number.

33.    On information and belief, on June 19, 2019, Plaintiff initiated a transfer of money through Plaintiff's Cash App account.

34.    On information and belief, Plaintiff's transfer was intended by Plaintiff to be delivered to the Cash App account of Plaintiff's friend, Edward Butler ("Butler").

35.    On information and belief, Butler is also a Square and Cash App customer and maintains a Cash App account.

36.    On information and belief, following Plaintiff's execution of the transfer, Butler received a notification on Butler's mobile device that Butler's Cash App account had received the money from Plaintiff's Cash App account.

37.    On information and belief, Butler then reviewed his online bank account but did not identify a deposit of the money sought to be transferred by Plaintiff.

38.    On information and belief, Butler then searched online to troubleshoot the reason why Plaintiff's transfer of money did not deposit into Butler's bank account.

39.     On information and belief, while searching online through a search engine, Butler located a telephone number that was identified in the search engine's results as a telephone number for Cash App's customer support services.

40.     On information and belief, Butler dialed the telephone number he located online and joined Plaintiff into the call.

41.     On information and belief, a male individual answered Butler's call and identified himself to Plaintiff and Butler as a Cash App customer service representative.

42.     On information and belief, the individual represented to Butler and Plaintiff that he could troubleshoot and assist with their money transfer issue and began to ask certain questions of Butler and Plaintiff regarding their respective Cash App accounts and personal bank accounts.

43.     On information and belief, during the telephone conversation, Plaintiff provided the individual with information sufficient to enable the individual to have access to and control over Plaintiff's Cash App account, including Plaintiff providing the individual with Plaintiff's email address, phone number, and Cash App password and/or generated security code.

44.     On information and belief, during the telephone conversation, Butler provided the individual with information sufficient to enable the individual to have access to and control over Butler's Cash App account, including Butler providing the individual with Butler's email address, phone number, and Cash App password and/or generated security code.

45.     On information and belief, during the conversation with the individual, Butler started receiving alerts on his mobile device reflecting that he had requested and received additional transfers even though he did not personally initiate any such transfers.

46.     On information and belief, Butler then became suspicious of the individual and urged Plaintiff to terminate the telephone call.

47.     On information and belief, Plaintiff and Butler then both disconnected the telephone call and Plaintiff also deleted the Cash App application from his mobile device.

48.     On information and belief, Butler and Plaintiff fell victim to an online phishing and fraud scheme.

49.     On information and belief, the telephone number Butler had located online and dialed was in actuality posted on a fraudulent scam website masquerading as being operated by Square and Cash App.

50.     On information and belief, the individual with whom Plaintiff and Butler spoke on June 19, 2019 was in actuality a fraudster (the "fraudster") who used the conversation to gain information from Plaintiff so that the fraudster could access Plaintiff's Cash App account and therefore enable himself to transfer money out of Plaintiff's linked bank accounts such as Plaintiff's Capital One account.

51.     On information and belief, neither Plaintiff nor Butler contacted Cash App on June 19, 2019 to report their interaction with the fraudster.

52.     On information and belief, Plaintiff did not contact Capital One on June 19, 2019 to report his interaction with the fraudster.

53.     On June 20, 2019, Plaintiff disputed with Capital One four (4) outgoing transfers of funds from his Capital One account to a Cash App account.

54.     In particular, Plaintiff contended that he did not authorize any of the four outgoing fund transfers from his Capital One account to a Cash App account.

55.     In claim number 190620CL00315 made on June 20, 2019, Plaintiff disputed a single $300.00 June 19, 2019 transfer to "EDWARD" account at Cash App.

56.     In claim number 190620CL00332, made on June 20, 2019, Plaintiff disputed a total of $1,088.00 in transferred funds from three separate transfers, including:

    a.      a $200.00 June 19, 2019 transfer to "CANDIC" account at Cash App;
    b.      a $344.00 June 19, 2019 transfer to "EDWARD" account at Cash App; and
    c.      a $544.00 June 19, 2019 transfer to "EDWARD" account at Cash App.

57.     In connection with claim number 190620CL00332, on June 20, 2019, Capital One provided a provisional credit of $1,088.00 to Plaintiff's Capital One checking account while Capital One investigated the disputed transfers.

58.     Plaintiff was notified in writing of the $1,088.00 provisional credit in connection with claim number 190620CL00332 in a letter dated June 21, 2019.

59.     In connection with claim number 190620CL00315, on June 25, 2019, Capital One provided a provisional credit of $300.00 to Plaintiff's Capital One checking account while Capital One investigated the disputed transfers.

60.     Plaintiff was notified in writing of the $300.00 provisional credit in connection with claim number 190620CL00315 in a letter dated June 26, 2019.

61.     In connection with Capital One's investigations into claim numbers 190620CL00332 and 190620CL00315, Capital One communicated with Square as the intermediary payment processor to determine whether the disputed transfers were authorized by Plaintiff.

62.     Square was notified that Plaintiff was disputing each of the four transfers under claim numbers 190620CL00332 and 190620CL00315 as fraudulent and/or unauthorized.

63.     Because the transfers were executed on the Cash App software platform, which is owned and controlled by Square, Capital One did not have access to the most pertinent underlying factual information about the transfers to determine whether there was unauthorized transfer, such

as the mobile electronic device location of the party initiating the transfer; the exact time of the transfers' instructions; the type of mobile electronic device used to initiate the transfers; the IP address of the mobile electronic device executing the transfers; the email address and telephone number of the party executing the transfers and the email address and telephone number of the party receiving the transfers; and the debit card and/or account number of the recipient of the transfers.

64.     Accordingly, Square was in the best position to determine whether the disputed transfers at-issue were unauthorized.

65.     In order for Capital One to complete its investigation, it was critical that Square explain to Capital One whether the disputed transfers were authorized by Plaintiff.

66.     Square has a special duty to Capital One to settle electronic transfers involving Capital One customers via the Automated Clearing House ("ACH") of the National Automated Clearing House Association ("NACHA").

67.     Both Capital One and Square are members of NACHA and agreed to be bound by the NACHA Rules.

68.     Each of the electronic fund transfers referenced in the First Amended Complaint are governed by and subject to the NACHA Rules.

69.     In processing electronic fund transfers on accounts of Capital One's customers, including Plaintiff, Square, as a member of NACHA, warrants, represents, and promises to Capital One that the requested transfers are properly authorized by Capital One's customer.

70.     Square has a special duty to Capital One to comply with NACHA Rules in the settling of electronic transfers involving Capital One customers.

71.     Square has a special duty to Capital One to comply with NACHA Rules and practices to reasonably investigate disputes involving electronic transfers with Capital One customers and to report to Capital One the results of Square's investigations.

72.     Ultimately, Square responded in writing to Capital One's inquiry and indicated that that the $300.00, $344.00, and $544.00 disputed transfers to the "EDWARD" account at Cash App contained no errors and were authorized by Plaintiff.

73.     In promising, representing, and warranting to Capital One that Plaintiff's disputed transfers contained no errors and were properly authorized by Plaintiff, Square represented to Capital One that Square had conducted a reasonable investigation into Plaintiff's disputes.

74.     In promising, representing, and warranting to Capital One that Plaintiff's disputed transfers contained no errors and were properly authorized by Plaintiff, Square knew or should have known that Capital One was relying on Square's investigations, analyses, conclusions, and representations.

75.     On information and belief, with respect to disputed $200.00 transfer to the "CANDIC" account at Cash App, Capital One never received a response from Square concerning the dispute, and therefore, Capital One converted the provisional credit to Plaintiff's Capital One checking account into a final and permanent credit.

76.     In reliance on Square's factual representations to Capital One that the $300.00, $344.00, and $544.00 transfers to the "EDWARD" account at Cash App were authorized by Plaintiff, Capital One denied Plaintiff's claims and reversed the provisional credits to Plaintiff's Capital One checking account.

77.     Capital One informed Plaintiff of the final outcome and conclusion of Capital One's investigation into Claim number 190620CL00315 by letter dated August 16, 2019.

78.     Capital One informed Plaintiff of the final outcome and conclusion of Capital One's investigation into Claim number 190620CL00332 by letter dated August 27, 2019.

79.     At all relevant times, Plaintiff's Capital One checking account was governed by Capital One's Rules Governing Deposit Accounts, including its Electronic Fund Transfer Agreement and Disclosure for Personal and Commercial Accounts (the "EFT Agreement"). The EFT Agreement provides:

> You can authorize a third-party to initiate transfers between your accounts and the third party's accounts by providing the third party with our routing number and your account number…. You should only provide your financial institution and account information (whether over the phone, the internet or via some other method) to trusted third parties whom you have authorized to initiate electronic fund transfers.

80.     The EFT Agreement further requires that Plaintiff must notify Capital One, in advance, should previously authorized third parties no longer have authorization to execute electronic transfers on Plaintiff's Capital One checking account.

81.     At no time did Plaintiff instruct Capital One that Square and Cash App did not have authorization to execute transfers on Plaintiff's Capital One checking account.

82.     At no time did Plaintiff revoke authorization for Square and Cash App to execute transfers on Plaintiff's Capital One checking account.

## Count I
## (Breach of Warranty)

83.     Capital One incorporates its allegations in all previous paragraphs as if set forth herein.

84.     Pursuant to the NACHA Rules, Square warranted to Capital One, at the time of each of Square's instructions to Capital One to debit Plaintiff's Capital One checking account and

to transfer funds to the "EDWARD" Cash App account, that Square possessed proper authorizations from Plaintiff to make such transfers.

85. Under the NACHA Rules, Capital One had no discretion in making these debits.

86. Upon information and belief, Square did not communicate with Plaintiff or Butler in connection with any investigation into Plaintiff's disputes.

87. A reasonable and good faith investigation by Square should have included communications with its customers, Plaintiff and Butler.

88. Square warranted to Capital One that Square had conducted a reasonable and good faith investigation into Plaintiff's disputes.

89. While denying any liability to Plaintiff for any damages allegedly sustained, if the allegations contained in the First Amended Complaint are true, then Plaintiff did not authorize the disputed transfers to the "EDWARD" Cash App account, and Square breached the warranty that it provided to Capital One in connection with the NACHA Rules.

90. Pursuant to the NACHA Rules, Capital One is entitled to contribution and to be indemnified by Square from and against any and all claim, demand, loss, liability, or expense, including attorneys' fees and costs, that result directly or indirectly from a breach of warranty or the debiting or crediting of the entry to the Plaintiff's Capital One checking account.

### Count II
### (Negligent Misrepresentation)

91. Capital One incorporates its allegations in all previous paragraphs as if set forth herein.

92. Capital One and Square are and, at all relevant times, were members of NACHA and agreed to abide by the NACHA Rules, which gives rise to a special relationship between them approaching privity.

93.     Capital One and Square are and, at all relevant times, were members of NACHA and agreed to abide by the NACHA Rules, which gives rise to a special relationship between them approaching privity.

94.     When Square instructed Capital One to make each of the electronic transfers and corresponding debits to Plaintiff's Capital One checking account, it owed Capital One a duty to ensure that Square possessed Plaintiff's authorization to instruct Capital One to make those debits.

95.     In reasonable reliance upon Square's instructions, and Capital One's duties as a member of NACHA, Capital One debited Plaintiff's Capital One checking account and transferred funds to the "EDWARD" Cash App account.

96.     Square misrepresented to Capital One that Square had conducted a reasonable and good faith investigation into Plaintiff's disputes.

97.     While denying any liability to Plaintiff for any damages allegedly sustained, if the allegations contained in the First Amended Complaint are true, Square breached its duty of care to Capital One by instructing Capital One to make these debits to Plaintiff's Capital One checking account without Plaintiff's authorization and further breached its duty of care to Capital One in failing to provide Capital One with the results of a reasonable and good faith investigation into Plaintiff's disputes.

98.     Capital One is entitled to compensatory damages, contribution, and indemnification by Square from and against any and all claim, demand, loss, liability, or expense, including attorneys' fees and costs, that result directly or indirectly from a misrepresentation of authorized transfers from Plaintiff's Capital One checking account.

**Count III**
**(Promissory Estoppel)**

99. Capital One incorporates its allegations in all previous paragraphs as if set forth herein.

100. Square promised to Capital One, at the time of each of Square's instructions to Capital One to debit Plaintiff's Capital One checking account and to transfer Plaintiff's funds to the "EDWARD" Cash App account, that Square possessed proper authorizations from Plaintiff to make such transfers.

101. In reasonable reliance upon Square's promise that its transfer instructions were authorized by Plaintiff, Capital One debited Plaintiff's Capital One checking account and transferred Plaintiff's funds to the "EDWARD" Cash App account.

102. Square promised Capital One that Square had conducted a reasonable and good faith investigation into Plaintiff's disputed transfers.

103. Capital One's reliance on Square's promises was foreseeable as a member of NACHA.

104. While denying any liability to Plaintiff for any damages allegedly sustained, if the allegations contained in the First Amended Complaint are true, Square is liable to Capital One for promissory estoppel by instructing Capital One to make debits to Plaintiff's Capital One checking account without Plaintiff's proper authorization and by promising Capital One following Plaintiff's dispute that Square had conducted a reasonable and good faith investigation.

105. Capital One is entitled to compensatory damage, contribution, and indemnification by Square from and against any and all claim, demand, loss, liability, or expense, including attorneys' fees and costs, that result directly or indirectly from Square's promises that Plaintiff's disputed transfers were properly authorized.

## Count IV
## (Contribution and Indemnification)

106. Capital One incorporates its allegations in all previous paragraphs as if set forth herein.

107. While denying any liability to Plaintiff for any damages allegedly sustained, if the allegations contained in the First Amended Complaint are true, Capital One is entitled to a judgment for contribution and indemnification in Capital One's favor against Square for any liability of Capital One to Plaintiff for electronic funds transfers initiated by Square through Cash App.

WHEREFORE, Capital One request judgment in its favor and relief against Square as follows:

A. Compensatory damages, together with interest, legal fees, and costs;

B. Full and complete contribution and indemnification, together with interest, legal fees and costs, and damages; and

B. Such further and other relief as the Court deems just and proper.

Dated: New York, New York
     October 22, 2021

Respectfully submitted

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By:    /s/ Stephen J. Steinlight
    Stephen J. Steinlight
    875 Third Avenue
    New York, NY 10022
    Telephone: (212) 704-6000
    Facsimile: (212) 704-6288
    stephen.steinlight@troutman.com

    Jon S. Hubbard (VSB No. 71089)
    (admitted *pro hac vice*)
    1001 Haxall Point
    Richmond, VA 23219

Telephone:(804) 697-1407
Facsimile: (804) 697-1339
jon.hubbard@troutman.com

*Attorneys for Defendant Capital One, N.A.*